USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GARRETT TRANSPORTATION I INC.,

*Plaintiff*,

v.

LUCKY OIL, S.r.L.,

*Defendant*.

Civil Action No.: 1:24-cv-02835-AT

**STIPULATION AND PROTECTIVE ORDER**

---

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as "CONFIDENTIAL" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Counsel for any party may designate any document or information, in whole or in part, as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if counsel determines, in good faith, that such document or information contains highly sensitive trade secrets or confidential business information, which if disclosed, would harm the competitive position of the producing party. Information and documents designated by a party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" ("Confidential Information") will be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as the case may be, on each page containing such protected material.

2. At the time of a deposition or within ten (10) days after receipt of a deposition transcript, a party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" specific portions of the transcript which contain confidential matters under the standards set forth in Paragraph 1 above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit Confidential Information. Transcripts will be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for this 10-day period. Any portions of a transcript designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall thereafter be treated as such in accordance with this Stipulation and Order.

3. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action.

1

4. In the event a party challenges another party's designation of confidentiality, counsel shall have 10 days to meet and confer to make a good faith effort to resolve the dispute, and in the absence of a resolution, within 7 days from the meet-and-confer the challenging party may seek resolution by the Court. The party that designated information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" bears the burden of proving it was properly designated. The party challenging such a designation must obtain a court order before disseminating the information to anyone other than the qualified recipients described in Paragraph 5 below. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. Disclosure of any Confidential Information shall be limited as follows.

    a. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

        i. The requesting party, including any members, officers, board members, directors, employees, and in-house counsel, including in-house counsel for the requesting party's parent, subsidiary, or foreign or domestic affiliate company;

        ii. The requesting party's outside litigation counsel retained specifically for this action, including employees of such counsel assigned to and necessary to assist in this litigation;

        iii. Any third-party witness who counsel for a party in good faith believes may be called to testify at trial, deposition, or hearing in this action and will be shown such document(s) at such trial, deposition, or hearing, and such potential witness's counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this action, and further provided such person has first executed an agreement in the form annexed as an exhibit hereto;

        iv. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

        v. Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this action and members of the arbitrator's or mediator's staff and assistants, provided such person has first executed an agreement in the form annexed as an exhibit hereto;

        vi. Court reporters for depositions taken in this action, including persons operating video recording equipment and persons preparing transcripts of testimony;

        vii. Any auditor or regulator of a party entitled to review the confidential Discovery Material due to contractual rights or obligations, or federal or

        state laws, or court orders, but solely for such contractual or legal purposes, provided such person has first executed an agreement in the form annexed as an exhibit hereto;

    viii. The parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives, provided such person has first executed an agreement in the form annexed as an exhibit hereto;

    ix. Consultants or experts assisting in the prosecution or defense of this matter and their staff and assistants, to the extent deemed necessary by counsel, provided such person has first executed an agreement in the form annexed as an exhibit hereto; and

    x. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

b. All documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

    i. The requesting party's outside litigation counsel retained specifically for this action, including employees of such counsel assigned to and necessary to assist in this litigation;

    ii. Any witness who counsel for a party in good faith believes may be called to testify at trial, deposition, or hearing in this action and will be shown such document(s) at such trial, deposition, or hearing, and such potential witness's counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this action, and further provided such person has first executed an agreement in the form annexed as an exhibit hereto;

    iii. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    iv. Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this action and members of the arbitrator's or mediator's staff and assistants, provided such person has first executed an agreement in the form annexed as an exhibit hereto;

    v. Court reporters for depositions taken in this action, including persons operating video recording equipment and persons preparing transcripts of testimony;

    vi. Any auditor or regulator of a party entitled to review the confidential Discovery Material due to contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes, provided such person has first executed an agreement in the form annexed

        as an exhibit hereto;

    vii. The parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives, provided such person has first executed an agreement in the form annexed as an exhibit hereto;

    viii. Consultants or experts assisting in the prosecution or defense of this matter and their staff and assistants, to the extent deemed necessary by counsel, provided such person has first executed an agreement in the form annexed as an exhibit hereto; and

    ix. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Prior to disclosing or displaying the Confidential Information to any person described in Paragraphs 5.a.iii, 5.a.v, 5.a.vii, 5.a.viii, 5.a.ix, 5.b.ii, 5.b.iv, 5.b.vi, 5.b.vii, and 5.b.viii, counsel must:

   a. Inform the person of the confidential nature of the information or documents;

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. To the extent reasonable, the producing party may specify the minimum level of protection expected in the storage and transfer of its Confidential Information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or

information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

13. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

14. The parties' respective counsel's digital or electronic signature shall have the same force and effect as a handwritten signature.

SO STIPULATED AND AGREED.

Dated: October 16, 2024

| LEASON ELLIS LLP | ROBINSON & COLE LLP |
|---|---|
| *(signature)* | *(signature)* |
| Cameron S. Reuber | Ian T. Clarke-Fisher |
| Lauren Emerson | Janet Kljyan |
| Tatsuya Adachi | 666 Third Avenue, 20th Floor |
| Sara Gruber | New York, New York 10017 |
| One Barker Avenue, Fifth Floor | Tel: 212-451-2900 |
| White Plains, New York 10601 | iclarke-fisher@rc.com |
| Tel.: (914) 288-0022 | jkljyan@rc.com |
| reuber@leasonellis.com | |
| emerson@leasonellis.com | *Attorneys for Defendant* |
| adachi@leasonellis.com | *Lucky Oil, S.r.L.* |
| gruber@leasonellis.com | |
| lelitdocketing@leasonellis.com | |
| | |
| *Attorneys for Plaintiff* | |
| *Garrett Transportation I Inc.* | |

SO ORDERED.

Dated: October 16, 2024

_____
ANALISA TORRES
United States District Judge

**<u>Agreement</u>**

   I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" are confidential by Order of the Court.

   I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____

_____
   (Signature)

Name: _____

Signed in the presence of:

_____
(Attorney)